FILED
APR 3 0 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Tracy Jenson, )
)
      Plaintiff, )
)
v. )   Civil Action No. **12 0686**
)
Michael Huerta *et al.*, )
)
      Defendants. )

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint on the ground of *res judicata*.

Under the principle of *res judicata*, a final judgment on the merits in one action "bars any further claim based on the same 'nucleus of facts' . . . ." *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984) (quoting *Expert Elec., Inc. v. Levine*, 554 F.2d 1227, 1234 (D.C. Cir. 1977)). *Res judicata* bars the relitigation "of issues that were or *could have been raised* in [the prior] action." *Drake v. FAA*, 291 F.3d 59 (D.C. Cir. 2002) (emphasis in original) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)); *see I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that *res judicata* "forecloses all that which might have been litigated previously").

Plaintiff, a resident of Spirit Lake, Idaho, is a former air traffic controller. The complaint's allegations are vague but plaintiff appears to allege that the Federal Aviation Administration ("FAA") illegally delayed his pay increases and has failed to apply them retroactively. Plaintiff also purports to be suing on behalf of other similarly situated air traffic controllers, but *pro se* litigants may not represent other individuals in federal court. *See* 28



U.S.C. § 1654. He seeks an order to compel "the defendants to pay the delayed controllers as if we did move as scheduled two months before the new pay system and associated three-year distribution of $200 million . . . ." Compl. at 10.

Plaintiff's claim was adjudicated in a prior action in the United States Court of Appeals for the Federal Circuit, which this Court previously found to have preclusive effect. *See Jenson v. Heurta*, Nos. 10-1071, 11-999, 11-1180 (ABJ), — F. Supp. 2d —, 2011 WL 6145522 (D.D.C. Dec. 12, 2011) (dismissing plaintiff's three consolidated actions stemming from the air traffic controllers' pay dispute as barred by claim preclusion). Therefore, the Court will dismiss this repetitive action with prejudice.[1] A separate Order accompanies this Memorandum Opinion.

Date: April 25th, 2012

United States District Judge

---

[1] Plaintiff is warned that his filing of repetitive actions may result ultimately in the imposition of sanctions barring him from the privilege of proceeding *in forma pauperis* and/or restricting his ability altogether to file a civil action in this Court. *See, e.g., Hurt v. Social Security Admin.*, 544 F.3d 308, 310 (D.C. Cir. 2008).